UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
: 
HOLLI H.[1], : 23-CV-00876 (RMS)
*Plaintiff,* :
:
V. :
:
KILOLO KIJAKAZI, :
ACTING COMMISSIONER OF SOCIAL :
SECURITY,[2] :
*Defendant*. : MARCH 24, 2025
:
------------------------------------------------------- x

## RULING ON THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff's counsel, Meryl Anne Spat ("Counsel"), has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $37,551.75. (Doc. No. 27 at 1). The defendant, the Social Security Administration ("SSA") Commissioner ("Commissioner"), filed a response, indicating that it neither supports nor opposes counsel's request for attorney's fees in the amount of $37,551.75 under § 406(b). (Doc. No. 31 at 1-2). For the reasons set forth below, the Motion for Allowance of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 27) is **GRANTED**.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] Since the plaintiff filed this action, Leland Dudek has been appointed as Acting Commissioner of the Social Security Administration. As such, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Kilolo Kijakazi as the defendant in this matter. The Clerk of Court is respectfully requested to amend the caption of the case accordingly.

I.  **BACKGROUND**

The plaintiff filed the instant action on July 1, 2023, appealing the Commissioner's denial of her application for disability income benefits and supplemental security income. (Doc. No. 1). The Commissioner filed the administrative transcript on August 31, 2023 (Doc. No. 13), and the Court issued a Scheduling Order on the same day. (Doc. No. 15). By July 12, 2023, the parties consented to magistrate judge jurisdiction, and the case was transferred to the undersigned. (Doc. No. 11). The plaintiff filed her Motion to Remand on November 18, 2023, and the defendant filed its Motion to Remand on January 17, 2024. (Doc. Nos. 20, 24). On January 17, 2024, the Court granted both motions and remanded the case for additional administrative proceedings. (Doc. No. 25). The Clerk entered Judgment on January 18, 2024. (Doc. No. 26). There was no award of fees under the Equal Access to Justice Act in this matter.

Counsel now moves for attorney's fees under 42 U.S.C. 406(b). On remand, the plaintiff was awarded $150,207.00. Counsel seeks $37,551.75. (Doc. No. 27 at 1). Counsel spent 77.5 hours on this matter in this Court and as explained in the plaintiff's motion, the *de facto* hourly rate is $484.53. (Doc. No. 27 at 4). The Commissioner neither supports nor opposes the motion because it does not have a direct financial stake in the award. (Doc. No. 31 at 1-2).

II.  **DISCUSSION**

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness . . . ." *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis . . . ." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 808; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). When determining reasonableness, the court must consider four factors: (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19 CV 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

Here, all four *Fields* factors are satisfied.

First, the retainer agreement sets the contingency fee at 25% of past-due benefits, (*see* Doc. No. 27-2 at 2), which for this case would amount to $37,551.75, (*see* Doc. No. 27 at 2). Counsel seeks 25% of past-due benefits exactly, which is $37,551.75. (*Id.*).[3]

Second, there is no evidence of undue delay. Counsel consented to magistrate judge jurisdiction less than two weeks after filing the Complaint. (Doc. No. 11). Within a month of receiving the Scheduling Order, Counsel filed the Notice consenting to magistrate judge jurisdiction. (Doc. No. 11). Counsel timely filed the Motion to Remand. (Doc. No. 20).

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

Fourth, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. Counsel seeks $37,551.75, which is exactly the customary 25% contingency fee. Indeed, the *de facto* hourly rate is $484.53, a rate well-within the range of what the Second Circuit has determined reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates).

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) fee request is reasonable.

Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, no EAJA fees were awarded.

---

[3] In his response, the Commissioner correctly notes a discrepancy between the February 2, 2025 Notice of Award indicating that the amount withheld from the plaintiff's past-due benefits for paying a representative's fee is $30,397.00, and the amount requested in Counsel's memorandum, which is $37,551.71. (Doc. No. 31 at 2). Counsel's calculation of retroactive award totaling $150,207.00 appears to be correct, resulting in her request for $37,551.75 in attorney's fees.

**III.    CONCLUSION**

For the reasons stated above, Counsel's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 27) is **GRANTED** in the amount of **$37,551.75**.

**SO ORDERED** at New Haven, Connecticut the 24th day of March, 2025.

        /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge