UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
HOLLI H.[1],                                            :      23-CV-00876 (RMS)
*Plaintiff*,                                            :
                                                        :
V.                                                      :
                                                        :
KILOLO KIJAKAZI,                                        :
ACTING COMMISSIONER OF SOCIAL                           :
SECURITY,[2]                                            :
*Defendant*.                                            :      AUGUST 21, 2025
                                                        :
------------------------------------------------------- x

**RULING ON THE PLAINTIFF'S SECOND MOTION FOR
THE AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

Plaintiff's counsel, Meryl Anne Spat ("Counsel"), has filed a second motion for the award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. No. 35 at 1). The defendant, the Social Security Administration ("SSA") Commissioner ("Commissioner"), filed a response to the motion, indicating that it neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 36 at 1-2). For the reasons set forth below, the Second Motion for the Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 35) is **GRANTED in part**. Plaintiff's counsel shall receive a second attorney's fees award of $22,803.05.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] Since the plaintiff filed this action, Frank Bisignano has been appointed as Acting Commissioner of the Social Security Administration. As such, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Kilolo Kijakazi as the defendant in this matter. The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

**I.     BACKGROUND**

The plaintiff filed the instant action on July 1, 2023, appealing the Commissioner's denial of her application for disability income benefits and supplemental security income. (Doc. No. 1). On July 12, 2023, the parties consented to magistrate judge jurisdiction, and the case was transferred to the undersigned. (Doc. No. 11). The Commissioner filed the administrative transcript on August 31, 2023, (Doc. No. 13), and the Court issued a Scheduling Order on the same day, (Doc. No. 15). The plaintiff filed her Motion to Remand on November 18, 2023, and the Commissioner filed its Motion to Remand on January 17, 2024. (Doc. Nos. 20, 24). On January 17, 2024, the Court granted the Commissioner's Motion to Remand, dismissed the plaintiff's Motion to Remand as moot, and remanded the case for additional administrative proceedings. (Doc. No. 25). The Clerk entered Judgment on January 18, 2024. (Doc. No. 26). There was no award of fees under the Equal Access to Justice Act in this matter. (Doc. No. 35 at 4).

After remand by this Court, the Administrative Law Judge ("ALJ") issued a fully favorable decision dated December 19, 2024. (Doc. No. 27 at 1). Thereafter, on February 2, 2025, the SSA issued an initial Notice of Award, finding that the plaintiff was due $121,609.20[3] in total past-due Social Security Disability Insurance ("SSDI") benefits for the period from September 1, 2020 to December 31, 2024. (Doc. No. 33 Ex. A.) Pursuant to her amended motion, Counsel sought attorney's fees in the amount of $30,397.00 under 42 U.S.C. § 406(b). (Doc. No. 33 at 1). The undersigned granted the amended motion and ordered attorney's fees in the amount of $30,397.00. (Doc. No. 34 at 1).

---

[3] In her second motion for the award of attorney's fees, Counsel erroneously states that the SSA found that the plaintiff was due $150,207.00 in past-due Social Security Disability Insurance ("SSDI") benefits. (Doc. No. 35 at 1-2). Counsel appears to have relied on the calculations in her first motion for the award of attorney's fees, (Doc. No. 27-1 at 7), which she then moved to correct due to a mathematical error, (Doc. No. 33 at 4). In her corrected first motion, Counsel and the Commissioner agreed that the plaintiff was due $121,609.20. (Doc. No. 33 at 4, 12).

On July 7, 2025, the SSA issued a second Notice of Award with respect to Supplemental Security Income ("SSI"), finding that the plaintiff was due $91,191.00 in total past-due benefits for the period from September 1, 2020 to December 31, 2024. (Doc. No. 35 Ex. B). Counsel now seeks a second award of attorney's fees based on this second award of past-due SSI benefits and requests $30,397.00. (Doc. No. 35 at 4). The Commissioner neither supports nor opposes the motion because it does not have a direct financial stake in the award. (Doc. No. 36 at 1-2).

## II.     DISCUSSION

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness . . . ." *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis . . . ." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 808; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). When determining reasonableness, the court must consider four factors: (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the

3

contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19-CV-155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

The plaintiff was awarded $91,191.00 in total past-due benefits from SSI. (Doc No. 35 Ex. B). The corresponding letter from the SSA states that $30,397.00 was withheld from the plaintiff's past-due benefits, (*id.*), and Counsel seeks an award of the same amount, (Doc. No. 35 at 2). $30,397.00 is the amount of the first attorney's fees award, which was based on payment of $121,609.20 in total past-due SSDI benefits; this amount cannot be awarded based on the second SSI payment because it is equal to 30% of the plaintiff's $91,191.00 in SSI benefits. Counsel may only be awarded attorney's fees up to 25% of the plaintiff's total past-due benefits under § 406(b), and the retainer agreement sets the contingency fee at 25% of past-due benefits. (Doc. No. 35 at 2); *see, e.g.*, *Suwen Zhang v. Berryhill,* No. 6:17-CV-06492-MAT, 2019 WL 2281228, at *2 (W.D.N.Y. May 29, 2019) ("[The fee award] must be reduced to $ 8,754.25 to make it permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.").

4

The plaintiff has been awarded a total of $212,800.20 in past-due benefits from the SSA ($121,609.20 in SSDI and $91,191.00 in SSI). Thus, Counsel may recover up to 25% of $212,800.20, which is $53,200.05. *See Reyes v. Berryhill*, No. 17-CV-7214 (RLM), 2021 WL 1124752, at *3 (E.D.N.Y. Mar. 24, 2021) ("[T]his Court finds it appropriate to calculate section 406(b) fees based on the gross amount of retroactive benefits awarded to plaintiff."). Since Counsel has already been awarded $30,397.00 in attorney's fees (Doc. No. 34 at 1), the Court therefore considers whether, in light of the factors discussed above, an adjusted additional fee award of $22,803.05, and a total award of $53,200.05, is reasonable.

Here, all four of the *Fields* factors are satisfied.

First, the retainer agreement sets the contingency fee at 25% of past-due benefits, (Doc. No. 35 at 2), which is consistent with § 406(b). The total attorney's fees requested of $53,200.05 amounts to exactly 25% of the plaintiff's total past-due benefits from the SSA.

Second, there is no evidence of undue delay. Counsel consented to magistrate judge jurisdiction less than two weeks after filing the Complaint. (Doc. No. 11). Within a month of receiving the Scheduling Order, Counsel filed the Notice consenting to magistrate judge jurisdiction. (Doc. No. 11). Counsel timely filed the Motion to Remand. (Doc. No. 20).

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

Fourth, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. In total, Counsel seeks $53,200.05 in attorney's fees. Counsel spent 77.5 hours on this case, so the *de facto* hourly rate is $686.45,[4] a rate well-within the range of what the Second Circuit has determined

---

[4] Counsel's motion states that her *de facto* hourly rate is $392.21 per hour. (Doc. No. 35 at 4). Her calculation appears to be based on her initial attorney's fees award of $30,397. (*Id.*). However, the total

reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates). Additionally, Counsel's efforts were "particularly successful" given that she ultimately secured the plaintiff $212,800.20 in past due benefits. *See id.* at 855 (attorneys' efforts were "particularly successful" when claimant received fully favorable decision from SSA and six-figure award of past-due benefits).

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) award in the total amount of $53,200.05 is reasonable.

Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, no EAJA fees were awarded. (Doc. No. 35 at 4).

### III.  CONCLUSION

For the reasons stated above, Counsel's Motion for a Second Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 35) is **GRANTED** in the additional amount of **$22,803.05**, which shall be paid in addition to the $30,397 in attorney's fees previously awarded.

**SO ORDERED** at New Haven, Connecticut this 21st day of August, 2025.

 /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge

---

award of attorney's fees in the amount of $53,200.05, which is based on the plaintiff's combined SSDI and SSI awards, amounts to a *de facto* hourly rate of $686.45: $686.45 x 77.5 hours = $53,200.